# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

VICKI J. CHAPMAN                                                                               PLAINTIFF

v.                                5:18cv00258-DPM-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D.P Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Vicki Chapman, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is fifty-two years old. (Tr. 35.) She is a high school graduate (*id.*) and has past relevant work as a telecommunicator. (Tr. 24.)

The ALJ[1] found Ms. Chapman had not engaged in substantial gainful activity since August 26, 2015 - the application date. (Tr. 17.) She has "severe" impairments in the form of shoulder tendinitis, obesity, diabetes mellitus with neuropathy, and hypertension. (*Id.*) The ALJ further found Ms. Chapman did not have an impairment or combination of impairments meeting or

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.² (Tr. 18-19.)

The ALJ determined Ms. Chapman had the residual functional capacity to perform a reduced range of light work given her physical impairments. (Tr. 19.) The ALJ called upon on a vocational expert to help determine if Ms. Chapman could perform substantial gainful activity given her residual functional capacity. (Tr. 50-54.) Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform her past relevant work as a telecommunicator. (Tr. 24.) Accordingly, the ALJ determined Ms. Chapman was not disabled. (Tr. 25.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff says the ALJ's credibility assessment was flawed. (Doc. No. 12 at 12-15.) I note this argument also ties into her arguments regarding the ALJ's residual functional capacity assessment and his conclusion she could perform her past relevant work because the residual functional capacity assessment is largely based on an ALJ's assessment of a claimant's subjective symptoms. (*Id.* at 15-17.)

The ALJ analyzed Ms. Chapman's symptoms in light of Social Security Ruling 96-8p. (Tr. 19-24.) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

---

²420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

1. the claimant's daily activities;

2. the duration, frequency and intensity of the pain;

3. precipitating and aggravating factors;

4. dosage, effectiveness and side effects of medication;

5. functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff clearly suffers from some limitation given her impairments. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ concluded, "Based on the entire record, including the testimony of the claimant, the undersigned concludes the evidence fails to support the claimant's assertions of total disability." (Tr. 23.) He based his conclusion, in part, on Ms. Chapman's activities of daily living, including:

> . . . taking care of her 14 year old daughter, preparing her own meals, doing the dishes, driving a car, going out alone, paying bills, counting change, handling a savings account, using a checkbook, reading, watching television, spending time

with others, going to the grocery store, finishing what she starts, following both written and spoken instructions well, not needing to be reminded to go places, getting along good with authority figures, handling changes in routine well, not needing any special reminders to take care of her personal needs and grooming, not needing any help or reminders to take her medicine, having no problems with personal care, and having no problems getting along with family, friends, neighbors, or others.

(Tr. 24.)

As the Commissioner argues, it is noteworthy Plaintiff's doctors have encouraged her to exercise. November 2015 treatment notes from Cecillia Tsao, M.D., showed nothing that could be considered disabling. (Tr. 289-291.) Dr. Tsao noted under "Patient Education," "The patient's goal is to maintain regular exercise." (Tr 290.) A year later, examination notes again show nothing that could be considered disabling, (Tr. 320, 323), and the most recent examination notes from July 2017 continue to show nothing disabling. (Tr. 337-338.) Again, Plaintiff was counseled on the "importance of exercise and diet management." (Tr. 339.)

Ms. Chapman's alleged physical limitations are simply not supported by the overall record. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform light work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or residual functional capacity assessment.

Ms. Chapman also argues that the ALJ failed to develop the record. (Doc. No. 12 at 17-18.) Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was

sufficient upon which to make an informed decision. Moreover, Plaintiff is reminded she had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). As the Commissioner points out, the ALJ allowed Plaintiff additional time to provide additional evidence. (Tr. 33-35.) The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) a sleep study suggests it is of only minor importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

Plaintiff has advanced other arguments – including that the Commissioner failed to consider her impairments in combination and – which I have considered and find to be without merit. Counsel for the Commissioner has provided persuasive arguments on these points. (Doc. No. 13.)

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of March 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE